IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEPHANIE ANDERSON,          )
                             )
          Plaintiff,         )     Civ. No.06-6209-TC
                             )
     vs.                     )
                             )
                             )     FINDINGS AND RECOMMENDATIONS
MICHAEL J. ASTRUE,           )
Commissioner of Social Security,)
                             )
          Defendant.         )
_____)

Coffin, Magistrate Judge:

     Plaintiff, Stephanie Anderson, brings this action for judicial review of a final decision of the Commissioner of Social Security (Commissioner) pursuant to 42 U.S.C. § 405(g).  The Commissioner denied Anderson's claim for disability insurance benefits (DIB).  For the reasons set forth below, the court recommends that the decision of the Commissioner be reversed and remanded consistent with this opinion.

### PROCEDURAL BACKGROUND

     Anderson filed an application for DIB on March 19, 2001, alleging disability since December 26, 2000 due to a combination of fibromyalgia, degenerative disc disease, somatoform pain

disorder[1] and depression.  (Tr. 16, 67, 129.)  Her application was denied initially and upon reconsideration.  On March 4, 2004, a hearing was held before an Administrative Law Judge (ALJ).  In a decision dated April 12, 2005, the ALJ found that Anderson was not entitled to benefits. (Tr. 27.)  When the Appeal's Council denied Anderson's request for review on  July 7, 2006, the ALJ's decision became the final decision of the Commissioner.  (Tr. 7.) Anderson timely filed this action seeking judicial review.

### STANDARDS

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The initial burden of proof rests upon the claimant to establish his or her disability.  <u>Roberts v. Shalala</u>, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996).  The Commissioner bears the burden of developing the record.  <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42

---

[1]
The essential feature of Somatoform disorder is one or more physical complaints that last for 6 months or more.  These symptoms cannot be fully explained by  any known general medical condition, or the physical complaints or resultant impairment are grossly in excess of what would normally be expected from the history, physical examination, or laboratory findings.  <u>Diagnostic and Statistical Manual of Mental Disorders</u>, 4th Edition, p. 450-51.

U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, if "the evidence is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

### DISABILITY ANALYSIS

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. At steps one through four, the burden of proof is on the claimant. Tackett v. Apfel, 180 F.3d 1094, 1098-1099 (9th Cir. 1999). At step five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. Id. Below is a summary of the five steps, which also are described in Tackett:

Step One. The Commissioner determines whether claimant is engaged in substantial gainful activity. If so, claimant is not disabled. If claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate claimant's case under step two. 20 C.F.R. §§ 404.1520(b), 416.920(b). In this case, the ALJ found that Anderson was not engaged in substantial activity. (Tr. 25.) This finding is not disputed.

///

3 Findings and Recommendations

1    Step Two.  The Commissioner determines whether claimant has
2    one or more severe impairments.  If not, claimant is not
3    disabled.  If claimant has a severe impairment, the Commissioner
4    proceeds to evaluate claimant's case under step three.  20 C.F.R.
5    §§ 404.1520(c), 416.920(c).  At step two, the ALJ found that
6    Anderson had the medically determinable severe impairments of
7    fibromyalgia and degenerative disc disease, and depressive
8    disorder/ dysthymic disorder.  (Tr. 18-19.)  He concluded that
9    the record did not support a finding of somatoform disorder,
10   psychosomatic disorder or pain disorder as severe impairments.
11   (Tr. 19.)  This finding is in dispute.

12       Step Three.  Disability cannot be based solely on a severe
13   impairment; therefore, the Commissioner next determines whether
14   claimant's impairment "meets or equals" one of the impairments
15   listed in the Social Security Administration ("SSA") regulations,
16   20 C.F.R. Part 404, Subpart P, Appendix 1.  If so, claimant is
17   disabled.  If claimant's impairment does not meet or equal one
18   listed in the regulations, the Commissioner's evaluation of
19   claimant's case proceeds under step four.  20 C.F.R. §§
20   404.1520(d), 416.920(d).  At step three, the ALJ found that
21   Anderson's impairments did not meet or medically equal a listed
22   impairment.  (Tr. 20.) This finding is in dispute.

23       Step Four.  The Commissioner determines whether claimant is
24   able to perform work he or she has done in the past.  If so,
25   claimant is not disabled.  If claimant demonstrates he or she
26   cannot do work performed in the past, the Commissioner's
27   evaluation of claimant's case proceeds under step five.  20
28   C.F.R. §§ 404.1520(e), 416.920(e).  In this case, the ALJ

determined that Anderson had the residual functional capacity at a sedentary to light level of physical exertion. (Tr. 21, 24.) Accordingly, the ALJ found that Anderson could perform her past relevant work as an administrative assistant. (Tr. 26.) This finding is in dispute. Despite this finding, the ALJ continued to step five of the analysis because he found that Anderson's ability to perform all or substantially all of the requirements of light work was impeded by additional exertional and/or non-exertional limitations.

Step Five. The Commissioner determines whether claimant is able to do any other work. If not, claimant is disabled. If the Commissioner finds claimant is able to do other work, the Commissioner must show a significant number of jobs exist in the national economy that claimant can do. The Commissioner may satisfy this burden through the testimony of a vocational expert ("VE") or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates a significant number of jobs exist in the national economy that claimant can do, claimant is not disabled. If the Commissioner does not meet this burden, claimant is disabled. 20 C.F.R. §§ 404.1520(f)(1), 416.920(f)(1). At step five, the ALJ found that Anderson was able to perform a significant range of light work. (Tr. 26.) This finding is in dispute.

## FACTUAL BACKGROUND

Anderson was born in 1964 and was 36 years old at the time of the alleged disability onset. (Tr. 24, 455.) She has an associates degree in criminology. (Tr. 455.)

///

5 Findings and Recommendations

The medical records in this case accurately set forth Anderson's medical history as it relates to her claim for benefits. The court has carefully reviewed the extensive medical records, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

### DISCUSSION

The Commissioner concedes that the ALJ erred in his assessment of the evidence. The parties disagree on whether this case should be remanded for further proceedings or remanded for determination and payment of benefits. Specifically, they disagree on whether crediting the opinion of Anderson's treating physician, Laslo Kolta, M.D. mandates a finding of disability.

I.  Opinions Of The Treating And Examining Physician

Anderson argues that the ALJ erred by failing to credit the opinion of Laslo Kolta M.D. and erred by failing to give legally sufficient reasons for rejecting the somatoform pain disorder diagnosis of Carl Balog, M.D.

If a treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(d)(2). In general, the opinion of specialists concerning matters relating to their specialty are entitled to more weight than the opinions of nonspecialists. id.; § 404.1527(d)(5). An ALJ may reject the uncontradicted medical opinion of a treating or examining physician only for "clear and

6 Findings and Recommendations

convincing" reasons supported by substantial evidence in the record. id. at 1202 (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). If the treating physician's medical opinion is inconsistent with other substantial evidence in the record, treating source medical opinions are still entitled to deference and must be weighted using all the factors provided in 20 C.F.R. 404.1527. id. (citing SSR 96-2p). An ALJ may rely on the medical opinion of a non-treating doctor instead of the contrary opinion of a treating doctor only if she provides "specific and legitimate" reasons supported by substantial evidence in the record. Id.

A.  Laslo Kolta, M.D.

Dr. Kolta is Anderson's treating physician. In 2001, Dr. Kolta opined that Anderson could lift 20 pounds occasionally and 5 to 10 pounds frequently; she could walk/stand 1 to 2 hours in an 8 hour day, and sit 2 to 4 hours. (Tr. 213.) Although Dr. Kolta noted that his findings were largely based on subjective complaints, he noted that Anderson could not sit for fifteen minutes in his office without lying down or moving around. (Tr. 213.)

On December 23, 2003, Dr. Kolta sent a letter to Anderson's attorney reporting that Anderson had been "one of the most difficult patients in my practice over the last few years because of the severity of her fibromyalgia and chronic fatigue syndrome." (Tr. 426.) Dr. Kolta noted that he had sought multiple consultations for Anderson with other physicians in various specialties, including neurosurgery and pain management. (Tr. 426.) He reported that Anderson stayed in bed

21 hours per day, was able to get up to eat and for bathroom breaks, but did not "clothe herself, perform personal hygiene or activities of daily living [sic]." (Tr. 426.) Dr. Kolta noted that Anderson took several pain medications. (Tr. 426-27.) He stated that he "had no doubt that [Anderson was] completely disabled," and he opined that she was not able to do any activities that would allow her to maintain even a part-time job, let alone full employment. (Tr. 427.)

In his decision, the ALJ rejected Dr. Kolta's restrictions and opinion of Anderson being totally disabled. The ALJ stated that Dr. Kolta's manner of stating that he had "no doubt that Anderson was disabled" in fact "suggest[ed] doubt." (Tr. 21.) The ALJ found that Dr. Kolta's statement indicated surprise that Anderson was disabled based on her diagnoses and noted that Dr. Kolta described Anderson's symptoms as unusual. (Tr. 21.) The ALJ noted that Dr. Kolta's residual functional capacity (RFC) analysis was "marred by its reliance on the claimant's subjective complaints." (Tr. 21.) The ALJ gave little weight to Dr. Kolta's opinion that plaintiff was totally disabled. (Tr. 21.)

The court finds, and the Commissioner concedes that the erred by failing to properly credit Dr. Kolta's opinion.

B. Carl Balog, M.D.

Dr. Balog is an anesthesiologist and pain specialist. On October 9, 2001, Dr. Balog evaluated Anderson. (Tr. 302-07.) He diagnosed somatoform pain disorder, depression, and panic disorder. (Tr. 305.) He ruled out multiple sclerosis prodrome and fibromyalgia. (Tr. 305.) Dr. Balog recommended decreasing some of Anderson's pain medications and starting new medications.

8 Findings and Recommendations

(Tr. 306.) He suggested psychological counseling, continued physical therapy and follow-up MRI imaging to "rule out progressive multiple sclerotic plaques." (Tr. 307.)

In considering Dr. Balog's findings, the ALJ wrote:

> [I]f the claimant has pain due to her degenerative disc disease as well as due to her fibromyalgia then it is hardly sensible to determine that she has a somatoform disorder. And if she does have a somatoform disorder, then her complaints stemming from her physical impairments would not be disabling. The claimant has not established the existence of a somatoform disorder as a severe impairment.

(Tr. 20.) The court finds, and the Commissioner concedes that the ALJ erred by failing to properly address Dr. Balog's diagnosis.

II.    Remand For Further Proceedings

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000). Under this test, the court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Id. The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. See id. at 1178 n.2. Generally, an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed and

9 Findings and Recommendations

there is not sufficient evidence to support the ALJ's conclusion. See Rodriquez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). When outstanding issues must be resolved, a court must remand for further proceedings. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-1116 (9th Cir. 2003). Where remand would only delay the receipt of benefits, judgment for the claimant is appropriate. See Rodriquez, 876 F.2d at 763.

Here, it is clear that the first prong of the Harmen test is met-the ALJ has failed to provide legally sufficient reasons for rejecting the opinion of plaintiff's treating physician. However, the Commissioner argues that a remand for further proceedings is necessary because outstanding issues remain. The Commissioner argues that the medical record does not clearly show that Anderson is disabled and that additional proceedings are necessary to determine Anderson's limitations and to obtain additional expert testimony about how her limitations impact her ability to perform jobs. The Commissioner further argues that further proceedings are necessary to consider Anderson's credibility. The court disagrees.

The court first considers the Commissioner's contention that further consideration of Anderson's credibility is necessary. The record does not provide support for the ALJ's credibility finding. The ALJ found that Anderson's testimony was not convincing because her "allegations of severe restriction were not supported by the medical evidence." (Tr. 22.) He noted that she had been encouraged to increase her activity and, at times, had reported that she was doing quite well. (Tr. 22.) The ALJ mentioned plaintiff's failure to comply with prescribed medical

10 Findings and Recommendations

treatment—which amounted to failure to get the prescribed number of vitamin B-12 shots (Tr. 23.) and noted Anderson's high use of pain medications. None of Anderson's physicians reported that Anderson was abusing pain medication or malingering. Instead, most noted that Anderson's pain was not effectively controlled with her narcotics. (See e.g. Tr. 403.)

In discrediting Anderson's testimony, the ALJ relied most heavily on her attendance at her son's football games and the third-party testimony that plaintiff was able to cook simple meals if the ingredients were prepared for her, wipe counters and wipe off her bathtub and toilet. (Tr. 23.) However, the overwhelming evidence in the record indicated that plaintiff spent most of her days in bed, had trouble sitting still for periods over 15 minutes and was often in pain. "This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir.2001) (quoting Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989)).

The court next considers whether crediting as true the diagnosis and findings of Anderson's treating physician Dr. Kolta mandates a finding of disability.

Dr. Kolta's conclusion that Anderson is totally disabled is a medical rather than a legal conclusion. See Smolen v. Chater, 80 F.3d 1273, 1291 (9th Cir. 1996). Dr. Kolta's conclusion that Anderson is limited to walking/standing 1-2 hours in an 8 hour day and limited to sitting 2 to 4 hours in an eight hour day is

11 Findings and Recommendations

1    similarly a medical conclusion. (Tr. 23.)  The vocational expert

2    who testified at Anderson's hearing did not address these

3    limitations in any hypothetical.    The general rule in such

4    circumstances is a remand for further proceedings.  Gamer v.

5    Secretary of Health and Human Svcs., 815 F.2d 1275, 1281 (9th

6    Cir. 1987) (superseded by statute on other grounds).  However, in

7    this case, the ALJ addressed the issue of whether the limitations

8    assessed by Dr. Kolta would render Anderson unable to engage in

9    any work.

10          During the hearing the ALJ had the following exchange:

11    ALJ:       All right.  Counsel, with regard to Exhibit
                 number 9F (Tr. 23), I'll let the record
12               reflect that rather than repeating the
                 hypothesis and utilizing the limits in there
13               that if I were to find those to be credible
                 and supported by the evidence, that I believe
14               that as you've already pointed out, the
                 combination of sit/stand, excuse me,
15               sit/walk/stand and sit would be at the
                 maximum 6 hours in an 8 hour day.  Is that
16               your interpretation of that document?
      Atty:      Yes.
17    ALJ:       And that is dated May of 2001, and I think
                 without attempting to enter into the realm of
18               the vocational expert, we can agree that 6
                 out of 8 hours is not full time work, is that
19               correct?
      Atty:      I agree.
20    ALJ:       All right.  Let the record reflect also that
                 to the degree that there are concrete
21               limitations, not prognoses or diagnoses,
                 Exhibit number 29 (Tr. 426) suggests that the
22               claimant is only able to stay out of bed for
                 2 to 3 hours a day, and I think we can agree
23               once again that if I were to find that to be
                 credible and supported by the objective
24               evidence that too would negate all past
                 relevant work and any other work in the
25               regional or national economy....

26    (Tr. 475-76.)  The ALJ's conclusion that the limitations found by

27    Dr. Kolta would render Anderson unable to engage in any work is

28

      12 Findings and Recommendations

a legal conclusion of disability. The court finds that it is clear from the record that Anderson is unable to sustain employment. <u>See</u> <u>Harman</u>, 211 F.3d at 1180. The court concludes that this matter should not be remanded for further proceedings. <u>See</u> <u>Schneider v. Comm'r</u>, 223 F.3d 968 (9th Cir. 2000).

## CONCLUSION

IT IS RECOMMENDED that this matter be remanded for the purpose of permitting the Commissioner to calculate and award benefits.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within 10 days after service of the objections. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated this 14 day of June, 2007

_____
THOMAS COFFIN
United States Magistrate Judge

13 Findings and Recommendations